UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,
Plaintiff,
v.
ARDALAAN "ARMANI" ADAMS,
Defendant.

Case No. 20cr2980-WQH

PRELIMINARY ORDER OF CRIMINAL FORFEITURE

WHEREAS, in the Information in the above-captioned case, the United States sought forfeiture of all right, title and interest in property of Defendant ARDALAAN "ARMANI" ADAMAS ("Defendant"), pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(7), and Title 28, United States Code, Section 2461, as charged in the Information; and

WHEREAS, on or about April 1, 2021, Defendant pled guilty before Magistrate Judge Karen S. Crawford to Count 1 of the Information, which plea included consent to the forfeiture allegations of the Information, including an agreement to forfeit to the United States the following assets, as well as the amount of $424,648,137.00 as the amount of proceeds Defendant received from the offense, which forfeiture shall be included and incorporated as part of the judgment in this case:

(A) $260,508.66 seized from J.P. Morgan Chase Bank account number 871690777, held in the name of Avondale HME Inc.

(B) $632,183.07 seized from Wells Fargo Bank account number 5285163191, held in the name of Avondale HME Inc.

(C) $467,117.30 seized from Wells Fargo Bank account number 9969282244, held in the name of Avondale HME Inc.

(D) $878,144.54 seized from Wells Fargo Bank account number 6333591664, held in the name of Avondale HME Inc.

(E) $607,749.84 seized from J.P. Morgan Chase Bank account number 921338880, held in the name of SD Orthotics Inc.

(F) $1,096,140.65 seized from J.P. Morgan Chase Bank account number 895928013, held in the name of Elite Medical Supply Inc.

(G) $335,727.38 seized from Wells Fargo Bank account number 3587083308, held in the name of Essential Medical Supplies LLC.

(H) $44,639.85 seized from Wells Fargo Bank account number 9714414340, held in the name of Essential Medical Supplies LLC.

(I) $376,429.48 seized from Wells Fargo Bank account number 3864696905, held in the name of Essential Medical Supplies LLC.

(J) $552,298.81 seized from Union Bank account number 103713731, held in the name of United Health-Wear LLC.

(K) $1,123,693.96 seized from Wells Fargo Bank account number 3864768688, held in the name of First Choice Medical Supply Inc.

(L) $1,426,776.50 seized from Wells Fargo Bank account number 2616750333, held in the name of Reliable Orthotics LLC.

(M) $8,897.57 seized from Wells Fargo Bank account number 2952437529, held in the name of Medical Rehab Supply Inc.

(N) $596,788.25 seized from J.P. Morgan Chase Bank account number 205722678, held in the name of Heart Homecare, dba Sacred Heart Home Medical.

(O) $473,515.02 seized from J.P. Morgan Chase Bank account number 212227083, held in the name of Medical Rehab Supply Inc.

(P) $684,999.90 seized from J.P. Morgan Chase Bank account number 251028277, held in the name of C & E Medical.

(Q) $8,253,316.32 seized from Wells Fargo Bank account number 1144278403, held in the name of Ever Prime Concept Inc.

(R) $20,629.03 seized from J.P. Morgan Chase Bank account number 326163190, held in the name of United Health-Wear, LLC.

(S) $11,390.12 seized from J.P. Morgan Chase Bank account number 3622167196 held in the name of Medical Rehab Supply, Inc.

(T) $314,289.31 seized from J.P. Morgan Chase Bank account number 270220558, held in the name of Elite Medical Supply Inc.

(U) $10,402,132.21 seized from Wells Fargo Bank account number 3312279825, held in the name of Armahni, Inc.

(V) $1,407,605.03 seized from Wells Fargo Bank account number 6709688227, held in the name of Ardalaan Adams and Monica V Gaines.

(W) $3,961,510.63 seized from Fidelity Investments account number ME8-045855, held in the name of Ardalaan Adams.

(X) $750,000.00 seized from Wells Fargo Bank account number 2703396958, held in the name of The Armani Adams Foundation, LLC.

(Y) $200,920.77 seized from Wells Fargo Bank account number 3585179512 held in the name of Apex Associates LLC.

(Z) $9,007,369.31 seized from TD Ameritrade account number 942-801007, held in the name of Armahni Adams.

(AA) Three (3) Rolex Oyster Perpetual Day-Date President Rolex watches, Serial numbers 4H6447X3, 6L492861 and 261FJ118, seized from Armahni Adams.

(BB) $822.98 seized from Wells Fargo Bank account number 8872191187, held in the name Logan Marketing Group Inc.

(CC) $27,695.57 seized from J.P. Morgan Chase Bank account number 229233363 held in the name of Raquel C. Benavidez.

(DD) $49,909.46 seized from Bank of America account number 325124526064 held in the name of Raquel C. Benavidez.

(EE) $50,000.00 seized from Bank of America cashier's check number 885322001.

(FF) $50,000.00 seized from Bank of America cashier's check number 885322002.

(GG) $50,160.25 seized from Navy Federal Credit Union account number 3113594083 held in the name Raquel C Benavidez.

(HH) $45,008.29 seized from US Bank account number 253468499657, held in the name Raquel C. Benavidez, IDN.

(II) $4,955.15 seized from US Bank account number 157514655867, held in the name Raquel C. Benavidez, IDN.

(JJ) $48,870.51 seized from Sandia Area Federal Credit Union account number 442454, held in the name Raquel C. Benavidez-Cumber.

(KK) $397.62 seized from Bank of American account number 439008215895 held in the name of Aajaylah K. Rogers and Raquel C Benavidez.

(LL) A cashier's check in the amount of $500,000.00 from Avondale HME Inc., received from Charles Burruss, representing proceeds deposited into bank accounts.

(MM) A cashier's check in the amount of $6,063.69, representing proceeds deposited into bank accounts.

(NN) A cashier's check in the amount of $21,600.10, representing proceeds deposited into bank accounts.

(OO) A cashier's check in the amount of $75,676.57, representing proceeds deposited into bank accounts.

(PP) Real property located at 4551 Rancho Del Mar Trail, San Diego, CA 92130, more particularly described as:

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

Parcel 1:

Lot 37 of the Del Mar Highlands Estates, in the City of San Diego, County of San Diego, State of California, according to Map thereof No. 13818, filed in the Office of the County Recorder of San Diego County, July 2, 1999.

Except all oil, asphaltum, petroleum, natural gas and other hydrocarbons and any other valuable mineral substances and products, and all other minerals, whether or not of the same character hereinbefore generally described, in or under said Land and lying and being at a vertical depth of 500 or more feet below the present natural surface of the ground, but without right of entry on the surface or within a vertical depth of 500 feet below the present surface of the ground.

Parcel 2:

A non-exclusive easement for Ingress and egress over the private drives, street and common area of the above-referenced Tract Map, as provided for in and subject to that certain Amended and Restated Declaration of Covenants, Conditions and Restrictions and Grant of Easements for Rancho Pacifica Homeowners Association recorded February 11, 2000 as Document No. 2000-0073953, in the Office of the County Recorder of San Diego County, California.

APN: 304-630-20-00

(QQ) A money judgment equal to the amount of gross proceeds traceable to the commission of the offenses.

WHEREAS, the Government has decided not to pursue forfeiture of asset (PP) the real property located at 4551 Rancho Del Mar Trail, San Diego, CA 92130, more particularly described as APN: 304-630-20-00; and

WHEREAS, on April 19, 2021 this Court accepted the guilty plea of Defendant; and

WHEREAS, by virtue of the facts set forth in the plea agreement and financial addendum, the United States has established the requisite nexus between the forfeitable properties and the offense; and

WHEREAS, by virtue of said guilty plea, the United States is now entitled to possession of the forfeitable properties, pursuant to 21 U.S.C. § 853 and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the forfeitable properties which were found forfeitable by the Court; and

WHEREAS, by virtue of the admissions of the Defendant set out in the plea agreement and guilty plea, the Court determined that $424,648,137.00 represents the moneys derived from and traceable to the proceeds that the Defendant obtained directly as a result of the offense to which he pled guilty, 18 U.S.C. § 1349, as charged in the Information; and

WHEREAS, by virtue of said guilty plea and the Court's findings, the United States is now entitled to an Order of Forfeiture in its favor against the Defendant for the proceeds received by the Defendant in the amount of $424,648,137.00, pursuant to 18 U.S.C. § 981 (a)(1)(C), 18 U.S.C. § 982(a)(7), 28 U.S.C. § 2461(c) and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

WHEREAS, the Defendant has agreed that the provisions for the substitution of assets as provided in 21 U.S.C., § 853(p) exist and has agreed the United States may take actions to collect the forfeiture; and

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record, to review, and no objections having been received;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Based upon the guilty plea of the Defendant, the United States is hereby authorized to take custody and control of the following assets, and all right, title and interest of Defendant ARDALAAN "ARMANI" ADAMS in the following properties are hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

(A) $260,508.66 seized from J.P. Morgan Chase Bank account number 871690777, held in the name of Avondale HME Inc.

(B) $632,183.07 seized from Wells Fargo Bank account number 5285163191, held in the name of Avondale HME Inc.

(C) $467,117.30 seized from Wells Fargo Bank account number 9969282244, held in the name of Avondale HME Inc.

(D) $878,144.54 seized from Wells Fargo Bank account number 6333591664, held in the name of Avondale HME Inc.

(E) $607,749.84 seized from J.P. Morgan Chase Bank account number 921338880, held in the name of SD Orthotics Inc.

(F) $1,096,140.65 seized from J.P. Morgan Chase Bank account number 895928013, held in the name of Elite Medical Supply Inc.

(G) $335,727.38 seized from Wells Fargo Bank account number 3587083308, held in the name of Essential Medical Supplies LLC.

(H) $44,639.85 seized from Wells Fargo Bank account number 9714414340, held in the name of Essential Medical Supplies LLC.

(I) $376,429.48 seized from Wells Fargo Bank account number 3864696905, held in the name of Essential Medical Supplies LLC.

(J) $552,298.81 seized from Union Bank account number 103713731, held in the name of United Health-Wear LLC.

(K) $1,123,693.96 seized from Wells Fargo Bank account number 3864768688, held in the name of First Choice Medical Supply Inc.

(L) $1,426,776.50 seized from Wells Fargo Bank account number 2616750333, held in the name of Reliable Orthotics LLC.

(M) $8,897.57 seized from Wells Fargo Bank account number 2952437529, held in the name of Medical Rehab Supply Inc.

(N) $596,788.25 seized from J.P. Morgan Chase Bank account number 205722678, held in the name of Heart Homecare, dba Sacred Heart Home Medical.

(O) $473,515.02 seized from J.P. Morgan Chase Bank account number 212227083, held in the name of Medical Rehab Supply Inc.

(P) $684,999.90 seized from J.P. Morgan Chase Bank account number 251028277, held in the name of C & E Medical.

(Q) $8,253,316.32 seized from Wells Fargo Bank account number 1144278403, held in the name of Ever Prime Concept Inc.

(R) $20,629.03 seized from J.P. Morgan Chase Bank account number 326163190, held in the name of United Health-Wear, LLC.

(S) $11,390.12 seized from J.P. Morgan Chase Bank account number 3622167196 held in the name of Medical Rehab Supply, Inc.

(T) $314,289.31 seized from J.P. Morgan Chase Bank account number 270220558, held in the name of Elite Medical Supply Inc.

(U) $10,402,132.21 seized from Wells Fargo Bank account number 3312279825, held in the name of Armahni, Inc.

(V) $1,407,605.03 seized from Wells Fargo Bank account number 6709688227, held in the name of Ardalaan Adams and Monica V Gaines.

(W) $3,961,510.63 seized from Fidelity Investments account number ME8-045855, held in the name of Ardalaan Adams.

(X) $750,000.00 seized from Wells Fargo Bank account number 2703396958, held in the name of The Armani Adams Foundation, LLC.

(Y) $200,920.77 seized from Wells Fargo Bank account number 3585179512 held in the name of Apex Associates LLC.

(Z) $9,007,369.31 seized from TD Ameritrade account number 942-801007, held in the name of Armahni Adams.

(AA) Three (3) Rolex Oyster Perpetual Day-Date President Rolex watches, Serial numbers 4H6447X3, 6L492861 and 261FJ118, seized from Armahni Adams.

(BB) $822.98 seized from Wells Fargo Bank account number 8872191187, held in the name Logan Marketing Group Inc.

(CC) $27,695.57 seized from J.P. Morgan Chase Bank account number 229233363 held in the name of Raquel C. Benavidez.

(DD) $49,909.46 seized from Bank of America account number 325124526064 held in the name of Raquel C. Benavidez.

(EE) $50,000.00 seized from Bank of America cashier's check number 885322001.

(FF) $50,000.00 seized from Bank of America cashier's check number 885322002.

(GG) $50,160.25 seized from Navy Federal Credit Union account number 3113594083 held in the name Raquel C Benavidez.

(HH) $45,008.29 seized from US Bank account number 253468499657, held in the name Raquel C. Benavidez, IDN.

(II) $4,955.15 seized from US Bank account number 157514655867, held in the name Raquel C. Benavidez, IDN.

(JJ) $48,870.51 seized from Sandia Area Federal Credit Union account number 442454, held in the name Raquel C. Benavidez-Cumber.

(KK) $397.62 seized from Bank of American account number 439008215895 held in the name of Aajaylah K. Rogers and Raquel C Benavidez.

(LL) A cashier's check in the amount of $500,000.00 from Avondale HME Inc., received from Charles Burruss, representing proceeds deposited into bank accounts.

(MM) A cashier's check in the amount of $6,063.69, representing proceeds deposited into bank accounts.

(NN) A cashier's check in the amount of $21,600.10, representing proceeds deposited into bank accounts.

(OO) A cashier's check in the amount of $75,676.57, representing proceeds deposited into bank accounts.

(QQ) A money judgment equal to the amount of gross proceeds traceable to the commission of the offenses

2. The aforementioned forfeited assets are to be held by the United States Marshals Service in its secure custody and control.

3. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties. The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third party petitions filed with the Court and served upon the United States. The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition. The Court may enter an amended order without further notice to the parties.

4. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

6. The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

7. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to 21 U.S.C. § 853(n) as to the aforementioned assets, in which all interests will be addressed.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED:

8. In addition to forfeiture of the specific assets described above. Defendant ARDALAAN "ARMANI" ADAMS shall forfeit to the United States the proceeds Defendant received from his offense of conviction in the amount of $424,648,137.00, which forfeiture is in favor of the United States against Defendant

ARDALAAN "ARMANI" ADAMS, with interest to accrue thereon in accordance with 18 U.S.C. § 3612(f) and 28 U.S.C. § 1961; and

9. This Court shall retain jurisdiction in the case for the purpose of enforcing the order of forfeiture and collecting and enforcing the forfeiture; and

10. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment; and

11. Pursuant to Rule 32.2(b)(3) the United States may, at any time, conduct discovery to identify, locate, or dispose of directly forfeitable assets and substitute assets against which this Order of Forfeiture may be enforced; and

12. The United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to substitute property having a value not to exceed $424,648,137.00 to satisfy the forfeiture in whole or in part; and

13. The United States may take any and all actions available to it to collect and enforce the forfeiture.

Dated: April 7, 2022

Hon. William Q. Hayes
United States District Court